UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

| | | |
|---|---|---|
| JAMAL J. SABIR, an individual. | ) | Case No. 0:21-cv-61917 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| ANDREW CARDARELLI, individually; | ) | |
| EMMIT L. PAIGE, individually | ) | |
| GREGORY TONY, in his official capacity | ) | |
| as Sheriff of Broward County, Florida; | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |
| | ) | |

## COMPLAINT

COMES NOW, Plaintiff, JAMAL SABIR, by and through undersigned counsel, hereby files this Complaint against the Defendants, for damages. In support thereof, Plaintiff alleges, and states as follows:

## INTRODUCTION

1. This is an action brought by Plaintiff, Jamal Sabir, to vindicate deprivations of his constitutional rights caused by police brutality.

2. During the course of an arrest, and after being placed into handcuffs; with excessive force and in violation of the Plaintiff's fourth amendment and fourteenth amendment rights, Defendant Andrew Cardarelli slammed the Plaintiff to the street, causing injury.

3. Trooper Emmit L. Paige, having a duty to intervene, did not intervene, and allowed Defendant Andrew Cardarelli to use excessive force upon the Plaintiff, in violation of his fourth amendment and fourteenth amendment rights.

1

**JURISDICTION and VENUE**

4. This action arises under the Constitution and laws of the United States, including Article III, Section 1 of the United States Constitution and is brought pursuant to 42 U.S.C. §1983 and 42 U.S.C. § 1988. The Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331,1343.

5. The Court also has supplemental jurisdiction over the remaining claims in Plaintiff's Complaint pursuant to 28 U.S.C. § 1367(a) because those claims are based on the same factual allegations, and therefore comprise the same case or controversy that gives rise to the claims arising under federal law.

6. This case is instituted in the United States District Court for the Southern District of Florida pursuant to 28 U.S.C. §1391 as the judicial district in which all relevant events and omissions occurred and in which Defendants maintain offices and/or reside.

**PARTIES**

7. At all times relevant hereto, Plaintiff Jamal Sabir was a resident of the State of Florida and a citizen of the United States of America.

8. At all times relevant hereto, Defendant Andrew Cardarelli was a resident of the State of Florida and was acting under color of state law in his capacity as a law enforcement officer employed by the Defendant Gregory Tony, of the Broward Sheriff's Office. Defendant Andrew Cardarelli is sued individually.

9. At all times relevant hereto, Defendant Emmit L. Paige was a resident of the State of Florida and was acting under color of state law in his capacity as a law

2

enforcement officer employed by the Florida Highway Patrol ("FHP"). Defendant Emmit L. Paige is sued individually.

10. Defendant Gregory Tony is the elected Sheriff of BSO. This Defendant is also the employer of the individual Defendant, Andrew Cardarelli.

## GENENERAL ALLEGATIONS

11. On September 13, 2018, in the early afternoon hours, Plaintiff was driving in the southbound lanes on interstate 95, in Broward County, Florida.

12. While the Plaintiff was driving, Defendant, Andrew Cardarelli, directed Florida Highway Patrol Officers', Anthony Lee and Emmit Paige, to conduct a traffic stop on the vehicle that the Plaintiff was driving.

13. The Plaintiff pulled the vehicle over to the median lanes of interstate 95, near Commercial Boulevard, in Broward County, Florida.

14. The Florida Highway Patrol officers exited their vehicle with their weapons drawn, pointing towards the Plaintiff.

15. Trooper Anthony Lee approached the vehicle that Plaintiff was in and demanded the Plaintiff to exit the vehicle.

16. Trooper Lee then asked the Plaintiff for his license and registration.

17. The Plaintiff then directed Trooper Lee where to locate his license and registration.

18. Trooper Lee mentioned that he smelled an odor of marijuana coming from the vehicle.

19. Trooper Lee conducted a search of Plaintiff's vehicle and discovered about 10 grams of marijuana.

20. Trooper Lee provided the marijuana he discovered to Andrew Cardarelli.

21. Andrew Cardarelli then approached the Plaintiff as he was standing outside of the vehicle, texting his child's mother; giving her instructions in anticipation of his arrest.

22. Andrew Cardarelli demanded the phone that Plaintiff was using.

23. The Plaintiff responded, inquiring of Andrew Cardarelli, the reason for demanding his phone.

24. Andrew Cardarelli then responded to the Plaintiff that he will arrest the Plaintiff and take the phone from him.

25. Andrew Cardarelli then placed the Plaintiff in handcuffs with his hands behind his back.

26. After placing the Plaintiff in handcuffs, Andrew Cardarelli then picked the Plaintiff into the air, and forcefully dropped him to the grown, without any legal justification to do so, and in violation of his Constitutional rights.

27. Defendant Emmit L. Paige observed Defendant Andrew Cardarelli:

    a.   place handcuffs on the Plaintiff with the Plaintiff's hands behind his back;

    b.   then pick the Plaintiff in the air and forcefully drop the Plaintiff to the grown;

and did not do anything to prevent Defendant Andrew Cardarelli from violating the Plaintiff's constitutional rights.

28. The Plaintiff suffered multiple injuries as a result of Andrew Cardarelli's excessive use of force to include, but not limited to, a toe fracture, and multiple abrasions.

29. The Plaintiff was transported to Broward Sherriff's Office ("BSO") main jail for processing and incarceration.

30. While at the jail, and after initial screening, the Plaintiff advised a nurse of an extreme pain in his right foot.

31. The nurse refused to provide medical attention to the Plaintiff.

32. The Plaintiff was forced to endure the extreme pain in his right foot throughout his entire period of incarceration.

33. The Plaintiff was incarcerated for nearly 12 hours, without being provided medical attention to his right foot.

34. Immediately upon the Plaintiff's release the following morning on September 14, 2018, the Plaintiff went to the Emergency Room at Memorial West Hospital, in Pembroke Pines, Florida.

35. The Plaintiff was discharged the same day; diagnosed with a toe fracture.

36. The Plaintiff continues to experience pain in his right foot, and the pain is likely permanent.

## COUNT I. 42 U.S.C. § 1983 – Excessive Force in violation of the Fourth and Fourteenth Amendments
### (*Jamal Sabir v. Andrew Cardarelli*)

37. Plaintiff realleges and incorporates paragraphs 1 through 36 as if fully set forth herein.

38. 42 U.S.C. § 1983 provides that:

Every person, who under color of any statute, ordinance, regulation, custom or usage of any state or territory or the District of Columbia subjects or causes to be subjected any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the constitution and law shall be liable to the party injured in an action at law, suit in

equity, or other appropriate proceeding for redress . . .

39. Plaintiff in this action is a citizen of the United States and Andrew Cardarelli is a person for purposes of 42 U.S.C. § 1983.

40. This count arises purely out of 42 U.S.C. § 1983 and the fourth and fourteenth amendment of the United States Constitution. State law claims of limitations and defenses under state law are not applicable to this count.

41. Andrew Cardarelli, at all times relevant hereto, was acting under the color of state law in his capacity as a deputy sheriff at BSO and his acts or omissions were conducted within the scope of his official duties or employment.

42. At the time of the complained of events, Plaintiff had a clearly established constitutional right under the Fourth Amendment to be secure in his person from unreasonable seizures through excessive force.

43. Plaintiff also had the clearly established Constitutional right under the Fourteenth Amendment to bodily integrity and to be free from excessive force by law enforcement.

44. Any reasonable police officer knew or should have known of these rights at the time of the complained of conduct as they were clearly established at that time.

45. Defendant Andrew Cardarelli's actions and use of force, as described herein, were objectively unreasonable in light of the facts and circumstances confronting him and violated these Fourth and Fourteenth Amendment rights of Plaintiff.

46. Defendant Andrew Cardarelli unlawfully seized the Plaintiff by means of objectively unreasonable, excessive and conscious shocking physical force, thereby unreasonably restraining the Plaintiff.

6

47. The force used constituted deadly force in that it could have caused death and did cause serious bodily injury.

48. Defendant Andrew Cardarelli engaged in the conduct described by this Complaint willfully, maliciously, in bad faith, and in reckless disregard of the Plaintiff's federally protected constitutional rights.

49. Defendant Andrew Cardarelli did so with shocking and willful indifference to Plaintiff's rights and his conscious awareness that they would cause Plaintiff severe physical and emotional injuries.

50. The acts or omissions of Defendant Andrew Cardarelli was one of the moving forces behind Plaintiff's injuries.

51. The acts or omissions of Defendant Andrew Cardarelli, as described herein intentionally deprived Plaintiff of his constitutional rights and caused him other damages.

52. Defendant Andrew Cardarelli is not entitled to qualified immunity for the complained of conduct.

53. As a proximate result of Defendant Andrew Cardarelli's unlawful conduct, Plaintiff has suffered actual physical injuries, and other damages and losses as described herein entitling him to compensatory and special damages, in amounts to be determined at trial. As a further result of Defendant Andrew Cardarelli's unlawful conduct, Plaintiff has incurred special damages, including medically related expenses and may continue to incur further medically and other special damages related expenses, in amounts to be established at trial.

54. Plaintiff is further entitled to attorneys' fees and costs pursuant to 42 U.S.C. §1988, pre-judgment interest and costs as allowable by federal law. There may also be special damages for lien interests.

55. In addition to compensatory, economic, consequential and special damages, Plaintiff is entitled to punitive damages against Defendant Andrew Cardarelli under 42 U.S.C. § 1983, in that the actions of Defendant Andrew Cardarelli have been taken maliciously, willfully or with a reckless or wanton disregard of the constitutional rights of Plaintiff.

### COUNT II. 42 U.S.C. § 1983 –Failure to Intervene in violation of the Fourth and Fourteenth Amendments
***(Jamal Sabir v. Emmit L. Paige)***

56. Plaintiff realleges and incorporates paragraphs 1 through 55 as if fully set forth herein.

57. This count arises purely out of 42 U.S.C. § 1983 and the fourth and fourteenth amendment of the United States Constitution. State law claims of limitations and defenses under state law are not applicable to this count.

58. 42 U.S.C. § 1983 provides that:

> Every person, who under color of any statute, ordinance, regulation, custom or usage of any state or territory or the District of Columbia subjects or causes to be subjected any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the constitution and law shall be liable to the party injured in an action at law, suit in equity, or other appropriate proceeding for redress . . .

59. It is well settled that if a police officer, whether supervisory or not, fails or refuses to intervene when a constitutional violation such as an unprovoked beating, takes place in his presence, the officer is directly liable under Section 1983.

8

60. Plaintiff in this action is a citizen of the United States and Emmit L. Paige is a person for purposes of 42 U.S.C. § 1983.

61. Emmit L. Paige, at all times relevant hereto, was acting under the color of state law in his capacity as a law enforcement officer for FHP and his acts and/or omissions of not intervening while Defendant Andrew Cardarelli used excessive force upon the Plaintiff, were conducted within the scope of his official duties or employment.

62. At the time of the complained of events, Plaintiff had a clearly established constitutional right under the fourth amendment to be secure in his person from unreasonable seizures.

63. Plaintiff also had the clearly established constitutional right under the fourteenth amendment to bodily integrity and to be free from unreasonable seizures by law enforcement.

64. Any reasonable police officer knew or should have known of these rights at the time of the complained of conduct as they were clearly established at that time.

65. Defendant Emmit L. Paige's actions and/or omissions, as described herein, were objectively unreasonable in light of the facts and circumstances confronting him and violated these fourth and fourteenth amendment rights of Plaintiff.

66. Defendant Andrew Cardarelli unlawfully seized the Plaintiff by means of objectively unreasonable, conscious shocking physical force, thereby unreasonably restraining the Plaintiff.

67. The force used by Defendant Andrew Cardarelli constituted unreasonable force.

68. Defendant Emmit L. Paige engaged in the conduct of not intervening during Defendant Andrew Cardarelli's excessive use of force; willfully, maliciously, in bad faith, and in reckless disregard of the Plaintiff's federally protected constitutional rights.

69. Defendant Emmit L. Paige did so with shocking and willful indifference to Plaintiff's rights and his conscious awareness that they would cause Plaintiff severe physical and emotional injuries.

70. The acts and/or omissions of Defendant Emmit L. Paige was one of the moving forces behind Plaintiff's injuries.

71. The acts and/or omissions of Defendant Emmit L. Paige, as described herein intentionally deprived Plaintiff of his constitutional rights and caused him other damages.

72. Defendant Emmit L. Paige is not entitled to qualified immunity for the complained of conduct.

73. As a proximate result of Defendant Emmit L. Paige's unlawful conduct, Plaintiff has suffered actual physical injuries, and other damages and losses as described herein entitling him to compensatory and special damages, in amounts to be determined at trial. As a further result of Defendant Emmit L. Paige's unlawful conduct, Plaintiff has incurred special damages, including medically related expenses and may continue to incur further medically and other special damages related expenses, in amounts to be established at trial.

74. Plaintiff is further entitled to attorneys' fees and costs pursuant to 42 U.S.C. §1988, pre-judgment interest and costs as allowable by federal law. There may also be special damages for lien interests.

75. In addition to compensatory, economic, consequential and special damages, Plaintiff is entitled to punitive damages against Defendant Emmit L. Paige under 42 U.S.C. § 1983, in that the actions of Defendant Emmit L. Paige have been taken maliciously, willfully or with a reckless or wanton disregard of the constitutional rights of Plaintiff.

### COUNT III. NEGLIGENCE Fla. Stat. §768.28 – In the alternative to claim for excessive force by Andrew Cardarelli Pursuant to Rule 8 of Fed. R. Civ. P.
### (*Jamal Sabir v. Gregory Tony*)

76. Plaintiff realleges and incorporates paragraphs 1 through 36 as if fully set forth herein.

77. Notice has been given to the appropriate parties pursuant to Florida Statute §768.28 and more than six months has elapsed since notice was given to the Defendant.

78. Defendant Gregory Tony, in his official capacity, is vicariously liable for the negligent acts committed by his agents/employees, that occur within the scope of their employment.

79. At all times material hereto, Defendant Gregory Tony, in his official capacity, was vicariously liable for the acts and/or omissions of Defendant Andrew Cardarelli.

80. Defendant Andrew Cardarelli at all times material hereto is an agent/employee of Defendant Gregory Tony.

11

81. That on September 13, 2018, Andrew Cardarelli, as an agent/employee of Defendant Gregory Tony, owed a duty to Plaintiff, to act with reasonable care, while the Plaintiff was arrested and in custody.

82. That Andrew Cardarelli, as an agent/employee of Defendant Gregory Tony, breached its duty owed to Plaintiff, in that, in the course of his employment, slammed Plaintiff to the floor while in handcuffs, and while on the side of the road of a major high-speed highway; actions which were contrary to the duty of reasonable care owed to Plaintiff.

83. As a result of Andrew Cardarelli's breach of duty, the Plaintiff suffered damages as mentioned below in section A. of the "PRAYERS FOR RELIEF" section.

84. Andrew Cardarelli's breach of duty mentioned in the above paragraphs was the proximate and actual contributory cause of Plaintiff's damages; or was solely the proximate and actual cause of Plaintiff's damages.

## PRAYERS FOR RELIEF

**WHEREFORE,** Plaintiff prays that this Court enter judgment for the Plaintiff and against each of the Defendants and grant:

A. compensatory and consequential damages, including damages, humiliation, loss of enjoyment of life, and other pain and suffering on all claims allowed by law in an amount to be determined at trial;

B. economic losses on all claims allowed by law;

C. special damages in an amount to be determined at trial;

D. punitive damages on all claims allowed by law against all Defendants and in an amount to be determined at trial;

E. attorneys' fees and the costs associated with this action under 42 U.S.C. §

1988, including expert witness fees, on all claims allowed by law;

F. pre- and post-judgment interest at the lawful rate; and,

G. any further relief that this court deems just and proper, and any other

appropriate relief at law and equity.

## DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury on all issues triable by jury.


Respectfully Submitted,

    NWAHIRI LAW, PLLC

    s/ TOBECHUKU TONY NWAHIRI

    _____
    TOBECHUKU TONY NWAHIRI
    Florida Bar No. 112107
    Attorney for the Plaintiff
    Tobe@NwahiriLaw.com
    13499 Biscayne Boulevard, Suite 107, Miami, FL 33181
    P: 305-345-4117 F: 305-503-4614